Case 2:01-cv-72233-AC ECF No. 10, PageID.1 Filed 02/11/02 Page 1 of 12

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

**MATTHEW STEPHEN MAZUREK,**

Petitioner,

v

**KURT JONES, Warden,**
**Carson City Regional Correctional Facility,**
Respondent.
_____/

Case No. CV 72233-DT
Hon. Avern Cohn

Michigan Attorney General
Habeas Corpus Division
PO Box 30212
Lansing, MI 48909

**Jeanice Dagher-Margosian (P35933)**
Attorney For Petitioner
214 S. Main, Ste. 209
PO Box 1970
Ann Arbor, MI 48106
(734) 761-5516

---

### RESPONSE TO RESPONDENT'S MOTION TO DISMISS PETITIONERS HABEAS CORPUS PETITION AND REQUEST TO REINSTATE ORIGINAL HABEAS CLAIM.

1. Petitioner submitted his initial petition for habeas corpus relief timely under the AEDPA, 25 USC, sec. 2254. The district court denied the petition without prejudice on 8/15/2000 and instructed that the case could be reinstated if the petition were re-submitted without the unexhausted claim. Petitioner did re-submit the unexhausted claim on 6/13/2000. The state moves to dismiss because the claim was submitted untimely. Petitioner asks this Court to allow submission of the unexhausted claim, or alternatively, to consider the re-submitted petition an amendment of the original petition, and to apply equitable tolling to the statutory time limits.

1



## FACTS

2. Petitioner was plea convicted in a Michigan state court (Alpena County) of Second Degree Murder, MCLA 750.317 on June 5, 1996. See Judgment of Sentence. This plea was pursuant to a plea agreement in which the prosecutor and Petitioner agreed to a sentence of 22 to 35 years in prison. PT., 9.

3. part of the plea agreement was that Petitioner waived his right to appeal that his conviction was constitutionally barred on double jeopardy grounds. The concern over "double jeopardy" involved Petitioner's earlier jury trial on this charge where the circuit court, mid-trial and over objection, discharged the jury and directed a verdict of guilty. TIV, 519-526. Petitioner appealed by right from this order and the sentence which followed, asking that the case be remanded for a new trial because Petitioner had been deprived of his right to have a jury determine his guilt. See Defendant's Brief in Support of Motion for Peremptory Reversal, 26. On appeal, the parties stipulated to a reversal of this judgment and a new trial was set. Petitioner then filed and argued a motion to dismiss the charge claiming that a new trial, under these circumstances, would violate the Double Jeopardy Clause of the US Constitution. This motion was denied and the above-stated plea agreement was entered into. See PT, June 5, 1996.

4. The above issue was submitted and briefed through the Michigan courts. There is no problem with exhaustion on this claim alone. In the Petition for Habeas Corpus filed with the Federal District Court on 9/8/99. The issue is grounded in federal constitutional law; Petitioner believes it is meritorious. However, another issue was submitted in the same petition which the district court, Hon. Victoria Roberts, decided was not exhausted in the state courts. In a memorandum opinion and order issued on or about 8/15/2000, Judge Roberts dismissed the petition but held that Petitioner could seek reinstatement by resubmitting the claim or claims after exhaustion. Petitioner did re-submit the double jeopardy claim alone in petition filed on 6/13/01. The Attorney General moves to dismiss based on failure to comply with the statute of limitations contained in the AEDPA, 28 USC sec. 2254.

## ARGUMENT

5. It is undisputed that the AEDPA imposes a one-year limitation period applicable to state prisoners' habeas applications. See 28 U.S.C. § 2244(d)(1). Petitioner contends that at the time the petition was re-submitted to the court, the reference in section 2244(d)(2) to "other collateral review" included not only state collateral review proceedings but also federal habeas proceedings

6. Petitioner acknowledges that recent Supreme Court precedent indicates that the relevant statutory provision, 28 U.S.C. § 2244(d)(1), may not be tolled by the pendency of federal, as opposed to state, post-conviction proceedings. See Duncan v. Walker, 121 S. Ct. 2120, 2129 (2001)[Supreme Court reviewed decision of Second Circuit in Walker v. Artuz, 208 F.3d 357 (2d Cir. 2000)]. However, Duncan v. Walker was not decided until 6/13/01. Accordingly, it was not controlling precedent at the time Petitioner's claim was re-submitted to the court.

2

7. the trend in the federal courts was to allow tolling for collateral actions, including federal habeas petitions. See e.g., Walker v. Artuz, supra. In Dunlap v U.S., 250 F.3d 1001 (6th Cir. 2001), the Sixth Circuit on 5/7/01 determined that equitable tolling applies to the one-year period of limitations in habeas cases. The Court also in that case determined the standards to be applied. Since the Dunlap case was decided caselaw has not been developed applying those standards to AEDPA cases. These cases, controlling at the time the amended petition was filed, should govern.

8. Petitioner meets the Orr test: there is no way he could have or should have known of the limitation now announced in Duncan v. Walker, because it was announced after he filed his amended petition. He followed the mandate of the lower court to either exhaust all claims in state court or re-submit the petition with the unexhausted claim removed.

9. Additionally, for equitable reasons, the Honorable Court should allow Petitioner to submit his claim. See Walker v. Artuz, 298 F 3d 357 (2d Cir. 2000); Valverde v. Stinson, 224 F 3d 129 (2d Cir. 2000). The US Supreme Court has made it clear that incarcerated individuals with federal constitutional claims at issue should be allowed at least "one full bite of the apple" —one meaningful opportunity for review—in the federal courts to seek habeas corpus relief. See e.g., Stewart-Martinez v. Villareal, 523 US 637 (1998); Slack v. McDaniel, 529 US 473 (2000). See also dissent of Justice Breyer in Duncan v. Walker, supra at 2135: "In two recent cases, we have assumed that Congress did not want to deprive state prisoners of first federal habeas corpus review, and we have interpreted statutory ambiguities accordingly."

WHEREFORE, Petitioner asks this Court to conclude that petitioner's good faith reliance on ambiguous language in the timing provisions of the AEDPA, which appeared to allow one year from the date of the courts dismissal without prejudice, created confusion in the Congressional drafting of that law which excuses Petitioner's late filing of his petition, even if this court determines that it was, in fact, late. Petitioner's filing should be equitably tolled because Petitioner interpreted the ambiguous statutory language in the Act in accord with a number of federal courts, but not in accord with the ultimate determination of the US Supreme Court in its non-unanimous opinion. This is an appropriate reason for the federal court to apply its equitable powers to avoid an unreasonably harsh result.

Respectfully Submitted,

Jeanice Dagher-Margosian
Attorney for Petitioner

February 11, 2002

3

## VERIFICATION OF SERVICE

Undersigned verifies that copies of this pleading was served on all parties by US first class mail.

Jeanice Dagher-Margosian            Date:   February 11, 2002

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW STEPHEN MAZUREK,   Case No. CV 72233-DT
                          Hon. Avern Cohn

    Petitioner,

v

KURT JONES, Warden,
Carson City Regional Correctional Facility,
    Respondent.
_____/
Michigan Attorney General
Habeas Corpus Division
PO Box 30212
Lansing, MI 48909

Jeanice Dagher-Margosian (P35933)
Attorney For Petitioner
214 S. Main, Ste. 209
PO Box 1970
Ann Arbor, MI 48106
(734) 761-5516

**MEMORANDUM OF LAW IN SUPPORT OF RESPONSE TO RESPONDENT'S MOTION TO DISMISS PETITIONERS HABEAS CORPUS PETITION AND REQUEST TO REINSTATE ORIGINAL HABEAS CLAIM.**

OVERVIEW

Petitioner submitted his initial petition for habeas corpus relief timely under the AEDPA, 25 USC, sec. 2254. The district court denied the petition without prejudice on 8/15/2000 and

1

instructed that the case could be reinstated if the petition were re-submitted without the unexhausted claim. Petitioner did re-submit the unexhausted claim on 6/13/2000. The state moves to dismiss because the claim was submitted untimely. Petitioner asks this Court to allow submission of the unexhausted claim, or alternatively, to consider the re-submitted petition an amendment of the original petition, and to apply equitable tolling to the statutory time limits. The reasons are discussed below.

## FACTS

Petitioner was plea convicted in a Michigan state court (Alpena County) of Second Degree Murder, MCLA 750.317 on June 5, 1996. See Judgment of Sentence. This plea was pursuant to a plea agreement in which the prosecutor and Petitioner agreed to a sentence of 22 to 35 years in prison. PT., 9.

Also, part of the plea agreement was that Petitioner waived his right to appeal that his conviction was constitutionally barred on double jeopardy grounds. The concern over "double jeopardy" involved Petitioner's earlier jury trial on this charge where the circuit court, mid-trial and over objection, discharged the jury and directed a verdict of guilty. TIV, 519-526. Petitioner appealed by right from this order and the sentence which followed, asking that the case be remanded for a new trial because Petitioner had been deprived of his right to have a jury determine his guilt. See Defendant's Brief in Support of Motion for Peremptory Reversal, 26. On appeal, the parties stipulated to a reversal of this judgment and a new trial was set. Petitioner then filed and argued a motion to dismiss the charge claiming that a new

2

trial, under these circumstances, would violate the Double Jeopardy Clause of the US Constitution. This motion was denied and the above-stated plea agreement was entered into. See PT, June 5, 1996.

The above issue was submitted and briefed through the Michigan courts. There is no problem with exhaustion on this claim alone. In the Petition for Habeas Corpus filed with the Federal District Court on 9/8/99. The issue is grounded in federal constitutional law; Petitioner believes it is meritorious. However, another issue was submitted in the same petition which the district court, Hon. Victoria Roberts, decided was not exhausted in the state courts. In a memorandum opinion and order issued on or about 8/15/2000, Judge Roberts dismissed the petition but held that Petitioner could seek reinstatement by resubmitting the claim or claims after exhaustion. Petitioner did re-submit the double jeopardy claim alone in petition filed on 6/13/01. The Attorney General moves to dismiss based on failure to comply with the statute of limitations contained in the AEDPA, 28 USC sec. 2254.

## ARGUMENT

It is undisputed that the AEDPA imposes a one-year limitation period applicable to state prisoners' habeas applications. See 28 U.S.C. § 2244(d)(1). This period of limitation normally begins to accrue on "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). However, 28 U.S.C. § 2244(d)(2), provides that "[t]he time during which a properly filed application for State post- conviction or other collateral review with respect to

the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [section 2244(d)]."

Petitioner contends that at the time the petition was re-submitted to the court, the reference in section 2244(d)(2) to "other collateral review" included not only state collateral review proceedings but also federal habeas proceedings. This is for two reasons. First, Petitioner acknowledges that recent Supreme Court precedent indicates that the relevant statutory provision, 28 U.S.C. § 2244(d)(1), may not be tolled by the pendency of federal, as opposed to state, post-conviction proceedings. See Duncan v. Walker, 121 S. Ct. 2120, 2129 (2001)[Supreme Court reviewed decision of Second Circuit in Walker v. Artuz, 208 F.3d 357 (2d Cir. 2000)]. However, Duncan v. Walker was not decided until 6/13/01. Accordingly, it was not controlling precedent at the time Petitioner's claim was re-submitted to the court. Rather, the trend in the federal courts was to allow tolling for collateral actions, including federal habeas petitions. See e.g., Walker v. Artuz, supra.

In this circuit as well, controlling federal precedent was, at this time, consistent with allowing Petitioner to re-submit the claim. In Dunlap v U.S., 250 F.3d 1001 (6th Cir. 2001), the Sixth Circuit on 5/7/01 determined that equitable tolling applies to the one-year period of limitations in habeas cases. The Court also in that case determined the standards to be applied. Since the Dunlap case was decided caselaw has not been developed applying those standards to AEDPA cases. Logically speaking, caselaw developed from cases in effect at the time the petitions were filed should govern.

4

The Dunlap case adopts the five-part test applied in the Sixth Circuit in employment law litigation, which the Dunlap case cites from Andrews v Orr, 851 F.2d 146 (6th Cir. 1988). The factors are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

Orr involved a situation in which the plaintiffs missed a statute of limitations and the Court held that equitable tolling applied because of confusion which caused the plaintiffs to reasonably miss a statute of limitations for filing their claim. In Orr, which is a controlling case out of this circuit, the Court cites to Fox v Eaton Corp., 615 F.2d 716, 718 (6th Cir. 1980), a case in which the plaintiff erroneously chose to file her employment discrimination complaint in State Court rather than federal court. It was later dismissed from state court on the basis that the State Court had no jurisdiction to hear the claim. The dismissal put the case beyond the statutory limitation for filing in federal court. Plaintiff nevertheless then filed her case in Federal Court, even though it was beyond the statutory limitation. The Court in Fox held that the claim could be heard on the basis of equitable tolling, applying the fifth factor noted here.

Petitioner plainly meets the Orr test: there is no way he could have or should have known of the limitation now announced in Duncan v. Walker, because it was announced after he filed his amended petition. He followed the mandate of the lower court to either exhaust all claims

5

in state court or re-submit the petition with the unexhausted claim removed. There was no time frame specified by the lower court, and he assumed that since he was *re-submitting the originally timely claim as directed by the Judge Roberts,* his claim was within applicable timing limits. There was no contrary law at in effect at the time and there was no law that would direct him to take different action than he did here, given the limitations inherent in his incarcerated status and the financial burden of retaining counsel that his family had to bear.

*Equitable tolling.* Additionally, for equitable reasons, the Honorable Court should allow Petitioner to submit his claim. See Walker v. Artuz, 298 F 3d 357 (2d Cir. 2000); Valverde v. Stinson, 224 F 3d 129 (2d Cir. 2000). The US Supreme Court has made it clear that incarcerated individuals with federal constitutional claims at issue should be allowed at least "one full bite of the apple" —one meaningful opportunity for review—in the federal courts to seek habeas corpus relief. See e.g., Stewart-Martinez v. Villareal, 523 US 637 (1998); Slack v. McDaniel, 529 US 473 (2000). See also dissent of Justice Breyer in Duncan v. Walker, supra at 2135: "In two recent cases, we have assumed that Congress did not want to deprive state prisoners of first federal habeas corpus review, and we have interpreted statutory ambiguities accordingly." This view has been consistent in the US Supreme Court since enactment of the AEDPA "Dismissal of a first habeas petition is a particularly serious matter for that dismissal denies the petitioner of the protections of the Great Writ, entirely risking injury to an important interests in human liberty." Lonchar v Thomas, 517 U.S. 314, 324 (1996). The result has been for federal habeas courts to apply equitable tolling in cases where

6

there is a timing question based on good-faith, but confused, interpretations of the timing provisions of the statute. See e.g., <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999). It would follow that Petitioner, in accord with a good faith reading of the statute's timing provisions, should be allowed to have a single federal habeas review of his constitutionally -based claim. This result is supported also by the fact that he was following Judge Roberts' decision that dismissed the case without prejudice when he resubmitted his claim without the unexhausted argument.

Petitioner asks this Court to conclude that petitioner's good faith reliance on ambiguous language in the timing provisions of the AEDPA, which appeared to allow one year from the date of the courts dismissal without prejudice, clarified only recently by the US Supreme Court, created by confusion in the Congressional drafting of that law excuses Petitioner's late filing of his petition, even if this court determines that it was, in fact, late. Petitioner's filing should be equitably tolled because Petitioner interpreted the ambiguous statutory language in the Act in accord with a number of federal courts, but not in accord with the ultimate determination of the US Supreme Court in its non-unanimous opinion. This is an appropriate reason for the federal court to apply its equitable powers to avoid an unreasonably harsh result.

Respectfully Submitted,
Jeanice Dagher-Margosian
Attorney for Petitioner

February 11, 2002

7

## *VERIFICATION OF SERVICE*

Undersigned verifies that copies of this pleading was served on all parties by US first class mail.

Jeanice Dagher-Margosian

Date:   February 11, 2002

8